IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DOLRAY POLK,** | : | |
| **Plaintiff,** | : | |
| v. | : | CASE NO: 7:23-cv-60  (WLS) |
| **WAL-MART STORES EAST, LP d/b/a WAL-MART, and JANE DOE, An Unknown Walmart Employee,** | : | |
| **Defendants.** | : | |

## ORDER

On January 17, 2024, the Court entered an Order (Doc. 12) granting the parties joint motion to dismiss this action as to Defendant Wal-Mart Stores East, LP, d/b/a Wal-Mart. Plaintiff has not moved to substitute a known person in place of Defendant Jane Doe, an unknown Walmart employee, and the record does not reflect that Jane Doe has been served. Therefore, the January 17, 2024 Order further required that on or before January 24, 2024, Plaintiff file such appropriate motion to either continue this action as to Jane Doe or to dismiss the claims against Jane Doe. To date, nothing has been filed with the Court either substituting a real party in interest for Jane Doe or dismissing the action as to Jane Doe. Counsel's delay in filing the appropriate documents on behalf of Plaintiff precludes the Court from efficiently managing its docket.

> (1) **Designation in General**. An action must be prosecuted in the name of the real party in interest. . . .
>
> . . . .
>
> (3) **Joinder of the Real Party in Interest**. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. . . .

Fed. R. Civ. P. 17. In addition to failing to substitute a real party in interest and presumably because such real party has not been substituted, the Plaintiff has also failed to timely serve

1

Defendant Jane Doe. Pursuant to the Federal Rules of Civil Procedure the Plaintiff had ninety days after the complaint was filed within which to serve a defendant, after which "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The Court finds that its January 17, 2024 Order provided adequate notice and reasonable time for the Plaintiff to substitute a real party in interest in place of Jane Doe had she wished to do so. It further finds that such Order provided notice to Plaintiff to take appropriate action, including serving Jane Doe, if Plaintiff wished to continue her action against Jane Doe.

Plaintiff's and her counsel's failure to respond to or comply with the Court's Order reflects that Plaintiff cannot show good cause for her failure to substitute a real party in interest in place of Jane Doe and to serve such party.[1]

Accordingly, Plaintiff's Complaint is dismissed, without prejudice, as to Defendant Jane Doe. The Clerk is directed to close this case.

**SO ORDERED**, this 29th day of January 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court admonishes Counsel that she is expected to comply with all of the Court's orders.